|1PARRO,J.,
dissenting.
I respectfully dissent for the reasons expressed by Judge .Guidry here and in the Armand case. Armand v. State, Dep’t of Health and Human Resources, 97-2958 (La.App. 1st Cir.2/23/99), 729 So.2d 1085, 1089, writ denied, 99-0842 (La.5/14/99), 741 So.2d 661. In that case, this court determined that “administrative negligence” claims were included within the coverage of the state medical malpractice act when the .negligent acts, whether performed by physicians or others in an administrative or managerial capacity, were associated with medical treatment of a patient. The claims asserted here are “administrative negligence” claims. The only way “negligent hiring” or “negligent employment” of the physician in this case could have caused damage to the plaintiffs was through the medical treatment Dr. Smith provided to the decedent. As such, the plaintiffs’ claims against the hospital for “negligent hiring” fall within the provisions of the medical malpractice act and are premature unless first presented to a medical review panel.[1]

. I further note that the record before this court does not reveal whether any of the other claims asserting the negligence of Dr. Smith or the vicarious liability of the hospital have been presented to a medical review panel. The only assignment of error on this appeal concerned the trial court’s denial of the defendants' exception of prematurity as to the claims of "negligent hiring, employment, and retention” asserted in the plaintiffs' second supplemental and amending petition.